Curia, per

Dunkin, Ch.
These proceedings are between the heirs at law of John H. Hamer, late of Marlborough district, deceased. The object was the partition of various tracts of land, described in the pleadings as the real estate of the intestate.
The bill recites the death of the intestate in 1840; that Robert C. Hamer, one of the heirs, had administered; that his accounts had been audited before the Ordinary, and the distribution of the personalty in his hands formally decreed by that Court, and that nothing remained for distribution but the real estate, of which the description and boundaries are set forth. The answers of the defendants admit the general allegations of the bill as to the death, administration, &c. and that the intestate left a considerable real and personal estate, distributable among his heirs at law; that the said personal estate has been administered by Robert C. Hamer, one of the complainants, to the extent in the said bill mentioned, and that nothing now remains of the estate of the said John H. Hamer to be distributed, except the lands of which the said intestate died seized and possessed, in Marlborough district.
Several of the defendants insist, however, by their answers, that some of the tracts of the land described in the pleadings were not part of the estate at his death, inasmuch as they had been long since given to the defendants, and had been held by them under the gift for a much longer period than was necessary to confirm their title under the statute of limitations.
After a hearing before the late Chancellor Caldwell, at February Sittings, 1848, an order was entered that “ a writ of partition issue to.divide the lands in the bill mentioned among the distributees of the intestate, John H. Hamer, in the manner, and according to the principles established by law, respecting the distribution of intestates’s estates,” excepting therefrom the several tracts claimed by the several defendants, “ to which it appeared to the Court that the said defendants had acquired a valid, legal title in the lifetime of the intestate, by parol gifts from him to them, accompanied by an adverse possession of more than ten years.”
Under this order a writ was issued, and the commissioners have made their return, in which, among other things, they recommend that large sums of money be paid by the defendants to the complainants, on account of the lands thus given to them by their father. Various exceptions were filed by *132 the defendants to this return; but the principal objection is, that the commissioners have forced the defendants to bring their lands into distribution contrary to the decretal order, whereas they were entitled to full information before they could be required to make an election, and that no case was made for that purpose. On hearing the exceptions, the presiding Chancellor set aside the return, and ordered a new writ to issue to divide the real estate among all the heirs of the intestate, with the exception of those who had been advanced, and directed that these should be excluded. From this decree the complainants appeal, on various grounds set forth in the brief. The substance is, because the return conforms to the decree of Chancellor Caldwell — or that, if it does not, the return should be set aside merely, but that the last decree materially varies from the original decree.
The decretal order of Chancellor Caldwell directs that the lands mentioned in the bill, except those which had been given to the defendants, should “ be divided among the distributees of the intestate, John H. Hamer, in the manner and according to the principles established by law respecting the distribution of intestates’s estates.” The Act of 1791 prescribes, “that nothing herein contained shall be considered to give to any child or issue, &c. of the intestate a share of his or her ancestor’s estate, where such child or issue shall have been advanced by the intestate in his lifetime, by portions or portion, equal to the share which shall be allotted to the other children ; but in case any child, or the issue of any child, who shall have been so advanced, shall not have received a portion equal to the share which shall be due to the other children, (the value of which being estimated at the death of the ancestor, &c.) then so much of the estate of the intestate shall be distributed to such child or issue, as shall make the estate of all the children equal.” If, then, a child has been advanced, he is not compelled to bring such advancement into hotchpot, unless he claims some further share of the estate of the intestate. It seems hardly necessary, however, to add, that it makes no difference whether he has been advanced in personal or real estate. “The principle applies to the partition of the estate in the aggregate.” The difficulty in this case arises from the fact that the parties have already made distribution of the personalty among themselves, without the aid of this Court. The decretal order of Chancellor Caldwell cannot be carried into effect, that is, the division cannot be made among the distributees of the intestate, in the manner and according to the principles established by the Act of 1791, as the commissioners have not the means of ascertaining whether the child advanced has or has not received his equal share of the estate of the intestate. A preliminary inquiry is, therefore, necessary. A previous distribution of *133 the personalty is stated in the bill to have been made and admitted by the answers, but none of the particulars are forth. It is proper, therefore, that the commissioner should receive testimony and report upon this subject, as well as in relation to any rents which may have been received by the ad-miuistrator as suggested in the return, and that he have leave to report, any special matter, so that the Circuit Court may give such further directions as will carry into effect the decree of Chancellor Caldwell. A reference for this purpose is ordered, and the decree of the Circuit Court modified accordingly.
Johnston, Ch. concurred.

Decree modified.